## SUPERIOR COURT

State
vs. } Ind. No. 359
Richard Brady
RESCRIPT

February 12, 1925

BAKER, J. The defendant was tried upon an indictment charging him with murder in the first degree. The jury found him guilty of murder in the second degree and he has filed his motion for a new trial, the principal ground of said motion being that the verdict of the jury is against the weight of the evidence.

The testimony in the case showed that on the 31st of May last, Delia Brady, the wife of the defendant, was killed by a shot from a rifle. The defendant admitted the killing, but claimed that it was done in self-defence.

There was no direct eye-witness to the shooting. From the testimony it appeared that the parties involved lived in a very lonely portion of the town of Richmond. The body of the dead woman was found in the yard a short distance from the small house in which she and her husband lived.

The theory of the State is that after a quarrel the defendant, from within the door of the house, shot and killed his wire with malice aforethought as she was in the yard.

The defendant's claim, on the other hand, is that after a quarrel, in which his wife became very violent and during which she approached him in a threatening manner with an axe, he shot her in self-defence as she was about to assault him. He claims to have been standing just inside the door of the house and that the shooting took place as she was entering the house, her body falling in the doorway. The defendant testifies that the body was moved into the yard after the shooting took place.

The only other person upon the premises at the time, in addition to a small child, was the brother of the defendant, George Brady, who apparently was in the house and did not see the actual killing.

To prove the state of mind of the defendant and the necessary premeditation, the State introduced, largely through members of the deceased family, a line of testimony which showed that the defendant for some little time prior to the 31st of May had been making threats of violence toward his wife and toward her small child, who was by another man, which child lived with them. There was also testimony tending to show that the defendant had beaten and bruised his wife at numerous times.

On behalf of the defendant evidence was produced, chiefly by members of his own family, that the deceased had frequently assaulted him and that she was of a violent and quarrelsome disposition. The defendant was more or less crippled, one leg being affected since his youth.

On this state of the testimony a clear cut issue was raised for the determination of the jury. They were charged as to the law governing self-defence and as to the offences of manslaughter and murder. The jury evidently, after considering all the evidence, found that the defendant shot with malice aforethought, but that the premeditation had not existed for a sufficient length of time to make the offence murder in the first degree. In the judgment of the Court there is in the case ample testimony to support such a finding.

The defendant urges very seriously that the testimony of the state's witness, George Brady, a brother of the defendant, is unreliable because this witness is of unsound mind. George Brady was the only adult person, beside the principals, on the premises at the time of the shooting. While it was clear from his appearance and manner of testifying that he was of a low grade of mentality, nevertheless nothing appeared at the trial or in the record to show that he should not have been permitted to testify. The weight of his testimony was for the jury to determine. They saw him and heard him give his evidence and doubtless made due allowance in deciding what weight and credibility to give to his testimony. As a matter of fact, in the opinion of the Court the defendant himself was the best developed mentally of his entire family. His mother, who took the stand in his behalf, and also his brother Robert were more or less mentally defective, but at the same time obviously perfectly capable of testifying, their credibility and the weight of their evidence being for the jury.

A consideration of all the testimony in the case in the judgment of the Court leads to the conclusion that

there was clearly sufficient testimony to warrant the finding of the jury that the defendant was guilty of murder in the second degree beyond any reasonable doubt.

The fifth and sixth grounds of the defendant's motion for a new trial are not grounds upon which this Court can act at this time, but will be referred to briefly as they were argued at some length.

Just before the Court concluded its charge a juror fainted. A recess was taken until he recovered. The juror walked unassisted from the court room to the jury room and back again. No objection was made to the continuation of the trial at the time and no affidavits have been filed in support of this ground in the motion for a new trial. The Court has no reason to believe that the juror was not able to give the case fair and proper consideration.

The defendant has suggested in support of his sixth ground that the hearing of the foreman of the jury was somewhat affected. This is the first time this matter has been raised. No affidavits are filed in support of this ground of the motion. The juror was examined by the Attorney General and by the attorney for the defendant at some length prior to his being seated as a juror.

On the whole case the Court is of the opinion that the defendant has had a fair trial after a full presentation of all the facts.

Defendant's motion for a new trial is denied.

For state: John P. Hartigan, Assist. Attorney General.

For defendant: George J. West.